# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| DEE FRYE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:13-CV-113 |
| ) | |
| AUTO-OWNERS INSURANCE ) | |
| CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on the Motion for Certification of Final Judgment, filed by Defendant, Nationwide Mutual Insurance Company ("Nationwide"), on June 4, 2015. (DE #93.) For the reasons set forth below, this motion is **DENIED**.

BACKGROUND

On February 15, 2015, this Court entered summary judgment in favor of Nationwide and dismissed it from this case. (DE #88.) However, the claims against co-Defendant, Auto-Owners Insurance Company ("Auto Owners"), currently remain pending. (*Id.*) Citing only to Federal Rule of Civil Procedure 54(b) and providing no argument or analysis whatsoever, Nationwide now asks this Court to construe the aforementioned order as a final judgment against it and expressly determine that there is no just reason for delay associated with the entry of final judgment. (DE #93.)

DISCUSSION

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment . . . only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). The decision of whether to grant final judgment under Rule 54(b) is "left to the sound judicial discretion of the district court." *Curtiss-Wright v. General Electric Co.*, 446 U.S. 1, 10 (1980).

In making this determination, the district court must determine that it is dealing with a "final judgment," which is an ultimate disposition of an individual, cognizable claim for relief entered in the course of a multiple claims action. *Id.* The court must then determine whether there are no just reasons to delay the appeal of the final judgment, taking into account judicial administrative interests as well as the equities involved. *Id.* Rule 54(b) allows defendants to determine at the earliest possible opportunity whether they may stop defending against claims or plaintiffs. *Continental Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999). However, a defendant's interest in finality can be outweighed by the duplicative work arising from successive appeals if the claims remaining in the district court are not sufficiently distinct from the claims given finality under Rule 54(b). *Lottie v. West American Insurance Co., of Ohio Casualty Group of Insurance Cos.*, 408 F.3d 935, 938 (7th Cir. 2005) (noting that "Rule 54(b) be employed only when the

subjects of the partial judgment do not overlap with those remaining in the district court.").

Here, the Court finds that the dismissed claims are not sufficiently separate and distinct – both legally and factually — to warrant granting the motion. Nationwide has not described why its interest in finality would outweigh the concerns of judicial economy that would arise by the duplicative work from successive appeals of the dismissed and pending claims. Therefore, the Court cannot conclude that there is no just reason for delay.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**.


DATED: July 8, 2015                    /s/RUDY LOZANO, Judge
                                       **United States District Court**